UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>THOMAS SANDGAARD and<br>ANNA LUCSOK | Criminal Case No. 26-CR-00005-JJM-PAS |

## GOVERNMENT'S ASSENTED-TO MOTION
## FOR PROTECTIVE ORDER

The United States, with the assent of counsel for the above-captioned Defendants, moves pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for the issuance of the attached Protective Order to protect confidential information that is contained in the materials that the United States may be producing in discovery, including personal identifying information in voluminous materials. The proposed order also requires that patient identifying information not be filed publicly or shared with anyone other than counsel for the defense, their staff, and the defendants.

The Government, with the assent of counsel for the above-captions Defendants further moves this Court to issue a Protective Order limiting disclosure of non-public materials produced in discovery in this matter (Discovery Materials), including the following materials that the Government seeks to disclose to Defendant's counsel in discovery:

a. All video and audio recorded statements, and transcripts thereof;

b. All subpoena responses;

c. All reports of interviews; and

d. All records containing personal identifying information of patients, witnesses or shareholders of Zynex, Inc. or any of its affiliates or subsidiaries.

The government requests that dissemination of the materials listed in Paragraphs (a)-(d) above, and any portions or copies thereof, be limited to counsel for the above-captioned

defendants and to persons in the counsel's office who are assisting counsel in the litigation of this matter, and that such person(s) also be subject to the Court's Protective Order. The government further requests that the court Order that while the defendant may inspect and review these materials with counsel, the defendant may not retain any of these materials, or portions or copies thereof.

The government consulted with counsel for the defendant and indicated that there are no objections to the issuance of the proposed protective order, which is attached hereto

Respectfully Submitted,

UNITED STATES OF AMERICA

By its attorneys:

CHARLES C. CALENDA
United States Attorney

*/s/ Sara Miron Bloom*
SARA MIRON BLOOM
PETER ROKLAN
Assistant U.S. Attorneys
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Telephone: (401) 709-5000
Fax: (401) 709-5001
Email: Sara.Bloom@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24h day of February, 2026, I caused the within Motion for Protective Order to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System.

*/s/ Sara Miron Bloom*
SARA MIRON BLOOM

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>THOMAS SANDGAARD and<br>ANNA LUCSOK | Criminal Case No. 26-CR-00005-JJM-PAS |

## PROTECTIVE ORDER

This matter having been presented to the Court by the United States Attorney's Office on February 24, 2026, it is hereby

ORDERED:

1. Defendants Thomas Sandgaard and Anna Lucsok (Defendants) and their counsel shall not use or disclose any materials produced by the government in the process of discovery and trial of this matter (the Discovery Materials), unless they are already in the public record, for any purpose other than the defense of this criminal case. This Order does not prohibit the Defendants or their criminal defense lawyers or their staff from sharing the Discovery Materials for the purpose of preparing witnesses or the defense of this criminal case (including any discussions with expert witnesses, Zynex, Inc. or Zynex's counsel), except as otherwise set forth below. However, anyone who receives the documents shall be required to agree to the terms of this protective order and not use the Discovery Materials or information therein for any purpose other than the defense of this matter. This paragraph does not restrict the Defendants or their counsel from utilizing in any way materials that they obtained independently from the government's production of Discovery Materials. This paragraph also does not restrict the Defendants or their counsel from showing the documents to individuals that were the original senders or recipients of the documents at the time

3

of their creation or original transmission in the normal course of the senders' or recipients' business.

2. When providing non-public materials received in discovery to an authorized person, counsel for the party providing such materials must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

3. Documents revealing the social security number, health care billing number, date of birth, bank account or other such personal identify information of any person or identifying any potential cooperating witness in the matter as such shall be considered "Highly Confidential" and Defendants shall not make such documents or information public or share it with third parties without redacting the identifying information.

4. Nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof. This Order also does not preclude the filing of documents received in discovery, or mentioning facts set forth in those documents, with pretrial motions, so long as any personal identifying information is appropriately redacted or provided under seal.

5. Counsel for Defendants Thomas Sandgaard and Anna Lucsok shall not disseminate, deliver, or distribute any of the materials listed below, or any portions thereof, or any copies thereof, to any other person outside counsel's office, and shall not distribute to the Defendants:

a. All video and audio recorded statements, and transcripts thereof;

b. All subpoena responses;

c. All reports of interviews; and

    d. All records containing personal identifying information of patients, witnesses or shareholders of Zynex, Inc. or any of its affiliates or subsidiaries.

    6. Defense counsel is permitted to review the materials described in Paragraphs (a)- (d) above with the Defendants and expert witnesses.  Defense counsel may not leave any portion of these materials or any copies of these materials described in Paragraphs (a) – (d) with the Defendants.

    7. Defense counsel is permitted to disclose the materials described in Paragraph (a)- (d) above to persons in their law offices who are assisting counsel in the litigation of this matter, but such persons are also subject to this Protective Order.

    8. This Order shall remain in effect until otherwise ordered by the Court.

                                              SO ORDERED:

                                              JOHN J. McCONNELL, JR.
                                              United States District Court Judge

Date: