**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:26-cr-5-JJM-PAS |
| ) | |
| THOMAS SANDGAARD and ANNA LUCSOK, ) | |
| Defendants. ) | |

**DEFENDANT THOMAS SANDGAARD'S UNOPPOSED MOTION TO MODIFY**
**CONDITIONS OF RELEASE**

Defendant Thomas Sandgaard was arrested on January 21, 2026, and charged with 15 counts related to defrauding health insurers while serving as CEO of a medical device company. Initially held after appearing in Colorado (where he lives and where the company is headquartered), this Court released Mr. Sandgaard on March 19, 2026, under stringent conditions of release. *See* ECF Nos.35, 36. Other than the standard conditions that apply in virtually every white-collar fraud case, this Court ordered that Mr. Sandgaard be confined to home detention and subject to electronic monitoring. The parties also agreed to significant restrictions on Mr. Sandgaard's assets and property.

Now, with the consent of the Government and Probation, Mr. Sandgaard is seeking to modify his conditions of release to remove the requirement of home detention and replace it with the following conditions:

- Mr. Sandgaard will remain on electronic monitoring.

- The Government will provide a list of certain addresses that Mr. Sandgaard is restricted from accessing (*i.e.*, his former employer or the residences of key witnesses).

- Domestic travel outside of Colorado for work, medical, or legal related reasons requires Mr. Sandgaard to provide his itinerary to and seek approval from Probation.

1

- Domestic travel outside of Colorado for other purposes will require consent of the Court.

In support of this change, Mr. Sandgaard states the following:

1. Mr. Sandgaard has surrendered his passports.

2. Since March, Mr. Sandgaard has worked diligently to simplify his financial portfolio by liquidating certain properties and putting the proceeds into an escrow controlled by the U.S. Marshals Service. Mr. Sandgaard has also provided bank and credit card records to the Government absent any subpoena or other compulsory process.

3. Mr. Sandgaard has otherwise complied with his conditions of release and has not had any contact with law enforcement.

The twin goals of 18 U.S.C. § 3142 are to ensure the safety of the community and ensure the defendant's appearance at trial. No party has raised a concern that Mr. Sandgaard is a danger to the community. Any conditions of release must be the "least restrictive further condition, or combination of conditions, that…will reasonably assure" Mr. Sandgaard's appearance. § 3142(c)(1)(B). Assuming *arguendo* that there was ever a concern that Mr. Sandgaard would not appear for trial, that concern is now drastically reduced given Mr. Sandgaard no longer has his passports and has exhibited compliant behavior over the last three months. Moreover, Mr. Sandgaard is not seeking to remove electronic monitoring that he is paying for, even though such a condition is uncommon for white collar defendants with no criminal record. Thus, removing home detention and ordering the requirements outlined above – as well as keeping the other requirements the Court established in its March 202 Original Conditions of Release and the Additional Conditions of Release Orders – is the least restrictive combination of conditions that will reasonably assure Mr. Sandgaard's appearance at trial.

Accordingly, Mr. Sandgaard respectfully requests the Court modify his conditions of release to remove home confinement and insert the requirements outlined above.


Dated: July 2, 2026                                    Respectfully submitted,

                                                       THOMAS SANDGAARD
                                                       By His Attorneys,

                                                       */s/ William H. Wynne*
                                                       William H. Wynne (#9020)
                                                       Nixon Peabody LLP
                                                       One Citizens Plaza, Suite 500
                                                       Providence, RI  02903
                                                       Tel:    (401) 454-1127
                                                       Fax:  (844) 277-6379
                                                       E-mail: wwynne@nixonpeabody.com

                                                       Robert A. Fisher (admitted *pro hac vice*)
                                                       Brianna N. Portu (admitted *pro hac vice*)
                                                       Nixon Peabody LLP
                                                       53 State Street, Exchange Place
                                                       Boston, MA 02109
                                                       Tel:    (617) 345-1000
                                                       Fax:  (617) 345-1300
                                                       E-mail: rfisher@nixonpeabody.com
                                                       E-mail: bportu@nixonpeabody.com

-3-

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed and served the within Motion to Modify Conditions of Release via the Court's Electronic Filing System to all counsel registered and able to receive electronic filings in this case on this 2nd day of July, 2026.


/s/ William H. Wynne

-4-